**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASMINDER SINGH,<br><br>                          Petitioner,<br><br>                          v.<br><br>WARDEN R. THOMPSON,<br><br>                          Respondent. | Civil Action No. 24-8527 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

      This matter comes before the Court on the Court's *sua sponte* screening of Petitioner Jasminder Singh's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has now paid the applicable filing fee, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice for lack of habeas jurisdiction.

**I.**     **BACKGROUND**

      Petitioner is a native and citizen of India currently serving a criminal sentence in FCI Fort Dix. (*See* ECF No. 1 at 1; ECF No. 1-1 at 1.) While in prison, the BOP assigned Petitioner the public safety factor of "deportable alien." (*Id.*) As a result of that security classification decision, Petitioner asserts that he has been unable to transfer to a lower security prison camp, and has in

turn been restricted from gaining certain pre-release custody placements under the Second Chance Act. (*Id.*) Petitioner therefore seeks an order directing the BOP to remove the deportable alien security factor, and to reconsider its classification decisions. (*See* ECF No. 1 at 7.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.  DISCUSSION

In this matter, Petitioner seeks to challenge his prison classification level, specifically the BOP's finding that he is subject to the deportable alien public security factor and the resulting affects of that factor upon his prison assignment and pre-release custody prospects. Habeas jurisdiction under § 2241, however, generally exists only to permit challenges to the fact or duration of an individual's confinement, or challenges to the execution of the terms of a prison sentence. *See, e.g., Butler v. Ortiz*, No. 20-10421, 2022 WL 320672 at *1 (D.N.J. Feb. 2, 2022). Challenges to even erroneous security factor decisions and resulting classification levels are not

2

cognizable under the statute as they do not go to the fact or duration of confinement, nor do they challenge an aspect of the execution of an imposed sentence. *Id.*; *see also Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (claims asserting improper classification factor decisions and resulting higher security classification levels "are not cognizable in a § 2241 petition"). Indeed, the Third Circuit has held that prisoners have no Due Process rights related to public safety factor designations, including the deportable alien security factor. *See Mundo-Violante v. Warden Loretto FCI*, 654 F. App'x 49, 51-52 (3d Cir. 2016). As Petitioner has no Due Process rights related to the deportable alien security factor, and habeas jurisdiction does not exist to permit challenges to even erroneous security factor designations, Petitioner's habeas petition must be dismissed.

## IV. <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of habeas jurisdiction. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

3